IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOSEPH ELAM,

                                                                            OPINION AND ORDER

                    Petitioner,

                                                                            13-cv-880-bbc

      v.

TIMOTHY DOUMA,

                    Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Petitioner Joseph Elam, a prisoner at the New Lisbon Correctional Institution, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner challenges his conviction on the grounds that his trial counsel was inadequate because (1) she failed to move to suppress petitioner's statements, although petitioner had made them before he received Miranda warnings; and (2) she failed to move for a mistrial after the court told a witness in front of the jury that she had the right not to incriminate herself, suggesting that she might be lying.

      Under Rule 4 of the Rules Governing Section 2254 Cases, I must dismiss the petition if it plainly appears from the petition and any attached exhibits that petitioner is not entitled to relief. After reviewing the petition, I find that it does not demonstrate a "real possibility of constitutional error." Id., 1976 advisory committee note (quoting Aubut v. State of Maine, 431 F.2d 688, 689 (1st Cir. 1970)).

BACKGROUND

Late one evening, petitioner went to drink at a bar. Sometime later, the police found him with bruises and scrapes, lying in the grass in a field near a black truck that had slid off the road. The truck was later identified as belonging to petitioner's employer. Before petitioner was given any Miranda warnings, he told the responding officers that he had not been driving and had just been out for a hike.

During the trial, the prosecution presented petitioner's statements as evidence; petitioner took a different tack from the one he had taken right after the police found him. His girlfriend testified that she had driven and crashed the truck and that the reason she was not present when police officers arrived was that she had walked back to the bar to retrieve her vehicle. The prosecution questioned her about how she could have walked a mile to the bar and driven back to the accident in the six or seven minutes it took police officers to respond to the accident, when the police officer's dashboard camera showed her driving away from the accident, toward the bar. At this point in the questioning, the judge interjected to warn the witness that her statements could be used against her and that she had the right to remain silent to avoid self-incrimination. The judge then acknowledged that this had been a mistake and provided an instruction to the jurors not to draw any inferences about the witness's credibility from his statement to the witness.

During the rest of the trial, other evidence was introduced against petitioner, including testimony from the bar manager that he had seen petitioner driving a black truck to the bar but had not seen petitioner's girlfriend at the bar. Two bar patrons said they saw

petitioner leave the bar alone and one said she did not see petitioner's girlfriend at the bar. Another witness was the driver of an oncoming vehicle, who said he saw the crash and saw a man fitting petitioner's description exit the crashed truck but did not observe a woman in the truck. A nearby homeowner saw the crash and dialed 911 and said that he saw only one person exit the vehicle. Petitioner's employer identified the truck as his and the keys found in the truck's ignition as belonging to petitioner. Police officers conducted a field sobriety test on petitioner and confirmed his intoxicated state by a blood test taken at the hospital. Finally, the prosecution introduced a recorded phone conversation between petitioner and his girlfriend, in which she asked what would happen if she said she was driving and petitioner responded that it "would help."

The jury convicted petitioner of operating a vehicle while under the influence of an intoxicant or other drug (for a fifth or subsequent time) and operating a vehicle after the revocation of his license. His sentence was enhanced under Wisconsin's habitual criminality law and he was sentenced to five years in prison with three years of supervision upon release.

Petitioner appealed his conviction on the ground that he had received ineffective assistance of counsel when his lawyer did not move to suppress his pre-<u>Miranda</u> statements to police and when she failed to move for mistrial as a result of the judge's comments to his girlfriend during her testimony. Petitioner argued that these mistakes amounted to deficient performance by counsel and they prejudiced the result of his trial. The pre-<u>Miranda</u> statements showed that he told one story to police and another at trial and the judge's comments discredited his girlfriend as a witness. The court of appeals concluded that

3

regardless whether these issues constituted deficient performance, they had not prejudiced petitioner's trial because the evidence against him was overwhelming, so it affirmed his conviction. He petitioned for review to the Wisconsin Supreme Court but his petition was denied on October 16, 2012.

OPINION

Petitioner's petition is timely. He filed it within one year and 90 days from the Wisconsin Supreme Court's denial of his petition for review. In addition, he is raising the same grounds he raised in the state courts, that his attorney provided him ineffective representation when she failed to seek suppression of his pre-<u>Miranda</u> statements and failed to move for mistrial after the judge instructed his witness she could remain silent to avoid incriminating herself. Thus, it appears that petitioner has met the procedural requirements necessary to proceed in this court.

However, review of the petition and its attachments, which include the court of appeals decision and a section of the trial court's opinion denying a new trial, shows plainly that petitioner is not entitled to relief. The Wisconsin Court of Appeals applied the appropriate test for claims of ineffective assistance of counsel, asking (1) whether counsel's performance in representing petitioner was deficient and (2) whether counsel's deficient performance actually prejudiced the outcome of the case. <u>Strickland v. Washington</u>, 466 U.S. 668, 693-94 (1984); <u>State v. Swinson</u>, 2003 WI App 45, ¶58, 261 Wis. 2d 633, 660 N.W.2d 12. After listing the multitude of prosecution evidence discussed above and applying

4

that test, the court found that the evidence against petitioner was so overwhelming that the issues identified by petitioner (his counsel's failure to suppress pre-<u>Miranda</u> statements and failure to move for mistrial) would not have affected the ultimate outcome of his trial. Petitioner has not alleged any facts that suggest the court of appeals erred.

To prevail on a petitions for habeas corpus, a petitioner must state more than mere conclusions; he must state facts that point to a cognizable claim that a constitutional wrong has occurred. <u>Kafo v. United States</u>, 467 F.3d 1063, 1068 (7th Cir. 2006); <u>Perruquet v. Briley</u>, 390 F.3d 505, 512 (7th Cir. 2004). Although petitioner "need not plead with particularity," <u>Lloyd v. Van Natta</u>, 296 F.3d 630, 633 (7th Cir. 2002), a habeas corpus petition is not merely an opportunity for a review of alleged trial errors. Rather, petitioner must allege some facts to suggest that the state court's "adjudication of the claim—(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. §§ 2254(d)(1)-(2). Plaintiff has not alleged any facts or provided any arguments that suggest the court of appeals' decision was unreasonable or contrary to law. Therefore, his petition must be denied.

Under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when denying a petition. To obtain a certificate of appealability, the petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); <u>Tennard v. Dretke</u>, 542 U.S. 274, 282 (2004).

This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Because this case is not a close one for the reasons discussed above, no certificate of appealability will issue.

## ORDER

IT IS ORDERED that

1. Joseph Elam's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is DENIED.

2. Petitioner is DENIED a certificate of appealability. If petitioner wishes, he may seek a certificate of appealability from the Court of Appeals under Fed. R. App. P. 22, after first filing a notice of appeal with this court.

Entered this 18th day of March, 2014.

> BY THE COURT:
>
> /s/
>
> BARBARA B. CRABB
> District Judge